PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RAMONTE A. MCCOMBS, ) | |
| ) | CASE NO. 5:13CV1325 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| EDDIE M. SIPPLEN, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | **AND ORDER** |

*Pro se* Plaintiff Ramonte A. McCombs Jr., an inmate at Belmont Correctional Institution, filed this civil rights action against Defendants Eddie M. Sipplen and Tamara A. O'Brien, who are identified as "County Court Officers." ECF No. 1 at PageID #: 3. Plaintiff alleges he was kidnapped and held for ransom by "the Municipal sub-corporate police agency on an Ohio Corporate code and statute, as a liability for the legal entity: RAMONTE ALLEN MCCOMBS JR." ECF No. 1 at PageID #: 4. He asserts Defendants "worked a fraud upon him by having him believe that he was subject to their corporate Admiralty/Maritime court jurisdiction of their charter Summit County courts of record." ECF No. 1 at PageID #: 5. An attachment to the Complaint shows Plaintiff pleaded guilty in the Summit County, Ohio Court of Common Pleas to a reduced rape charge and received a 10 year sentence on September 21, 2011, which he is now serving.[1] *See* ECF No. 1-2. *State v. McCombs, No. CR-2011-05-1291(Summit Cty Ct. Common Pleas filed Oct. 3, 2011)*. He seeks restoration of his liberty and compensatory and punitive damages.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes

---

[1] The Ohio Department of Rehabilitation and Correction website also (http://www.drc.state.oh.us/) so reflects.

(5:13CV1325)

the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb.1, 2000).

Plaintiff is obviously challenging the validity of his 2011 conviction and resulting incarceration.  The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Furthermore, absent allegations that criminal proceedings terminated in Plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

 February 27, 2014              /s/ Benita Y. Pearson
Date                            Benita Y. Pearson
                                United States District Judge

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

2